UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN R. DEMOS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:12-cv-00407-GZS |
| ) | |
| U.S. SECRETARY OF DEFENSE, et al., ) | |
| ) | |
| Defendants ) | |

**ORDER GRANTING LEAVE TO PROCEED**
*IN FORMA PAUPERIS*
**And**
**RECOMMENDED DECISION**

Plaintiff, an inmate at the Clallam Bay Correctional Center, Clallam Bay, Washington, seeks leave to proceed *in forma pauperis*. The Application to proceed *in forma pauperis* has been completed and is accompanied by a PLRA In Forma Pauperis status report for defined period of 6/30/12 to 12/31/12. This document is not signed by an authorized individual, but I will accept it for purposes of determining plaintiff's in forma pauperis status. The document indicates average monthly receipts of $29.40; and an average spendable balance of $0.21.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee.  28 U.S.C. § 1915(g).

Plaintiff's complaint is particularly susceptible to dismissal for a number of reasons.  A cursory search on PACER shows that plaintiff began filing complaints in 1989 in the State of Washington, where he is incarcerated.  After having been enjoined from filing anything further in that State, Plaintiff began filing in virtually every state in the nation including the Virgin Islands, Guam and Puerto Rico.  These complaints have totaled 715 and do not include those filed with the Bankruptcy Courts or the Appellate Courts.   I am fairly confident that further research would reveal that  Demos has previously accumulated the three strikes necessary to bar him from IFP filings and that my Order granting him IFP status is probably made in error.  Frankly, however, his present complaint is so deficient and so clearly meets the frivolous, malicious, and failure to state a claim standard, that further research to find three prior cases that were dismissed for those exact reasons is not warranted.

With respect to an in forma pauperis action such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of

answering such complaints." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989); see also <u>Mallard v. U.S. Dist. Ct. S. D. Iowa</u>, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(i)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

It is obvious that the plaintiff's allegations are both irrational and wholly incredible. He is attempting to sue the President of the United States, the Governor of the State of Washington, and a raft of federal officials claiming in essence that Barack Obama gave an oral order to the Governor of Washington ordering his immediate release from incarceration. He also claims he is a British citizen and is entitled to diplomatic immunity pursuant to treaties executed in 1606, 1782, 1783, and 1792. His complaint is nonsense.

Based upon the foregoing I recommend that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b) as frivolous and because it fails to state a claim.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

| | |
|---|---|
| January 16, 2013 | /s/ Margaret J. Kravchuk |
| | U.S. Magistrate Judge |